IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| LNV CORPORATION, assignee of the Federal Deposit Insurance Corporation, as Receiver for The Community Bank f/k/a Bank of Loganville, : : : : : | |
| Plaintiff, : | No. 3:13-CV-99 (CAR) |
| v. : | |
| KIDDIE'S JUNCTION, INC.; LUTHER D. BOSS a/k/a Luther Donald Boss; DAVID BOSS; and ROBIN BOSS a/k/a Robin L. Boss a/k/a Robin L. Cook, : : : : : | |
| Defendants. : | |

### ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff LNV Corporation, assignee of the Federal Deposit Insurance Corporation, as Receiver for The Community Bank f/k/a Bank of Loganville, initiated this action for breach of contract and attorneys' fees to collect amounts owing under a residential construction loan agreement, the payment of which was guaranteed by three guaranty agreements. Currently before the Court is Plaintiff's Motion for Summary Judgment. Defendants have not filed a response to the Motion, and the time for doing so has expired. The Court has thoroughly considered the Motion, the relevant facts,

1

and applicable law and, for the reasons explained below, **GRANTS** Plaintiff's Motion for Summary Judgment [Doc. 19].

## LEGAL STANDARD

Summary judgment is proper if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[1] The moving party "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitles it to a judgment as a matter of law.[2] If the moving party discharges this burden, the burden then shifts to the nonmoving party to go beyond the pleadings and present specific evidence showing that there is a genuine issue of material fact.[3]

The Court must view the facts, and any reasonable inferences drawn from those facts, in the light most favorable to the party opposing the motion.[4] "The inferences, however, must be supported by the record, and a genuine dispute of material fact requires more than 'some metaphysical doubt as to the material facts.'"[5] In cases where

---

[1] Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).
[2] *Catrett*, 477 U.S. at 323 (internal quotation marks omitted).
[3] *See* Fed. R. Civ. P. 56(e); *see also Catrett,* 477 U.S. at 324-26.
[4] *Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010); *Welch v. Celotex Corp.,* 951 F.2d 1235, 1237 (11th Cir. 1992).
[5] *Logan v. Smith*, 439 F. App'x 798, 800 (11th Cir. 2011) (quoting *Penley*, 605 F.3d at 848).

opposing parties tell different versions of the same events, and one is "blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts."[6]  A disputed fact will preclude summary judgment only "if the dispute might affect the outcome of the suit under the governing law."[7]  "The court many not resolve any material factual dispute, but must deny the motion and proceed to trial if it finds that such an issue exists."[8]

A district court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but must instead consider the merits of the motion.[9]  The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials and must review all of the evidentiary materials submitted in support of the motion for summary judgment.[10]  The district court's order granting summary judgment must indicate that the merits of the motion were addressed.[11]

## BACKGROUND

Because Defendants have failed to file any response in opposition to Plaintiff's

---

[6] *Pourmoghani-Esfahani v. Gee*, 625 F.2d 1313, 1315 (11th Cir. 2010) (per curiam) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)).

[7] *Id*. (internal quotation marks omitted).

[8] *Envtl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).  In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[9] *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004).

[10] *Id*. at 1101-02.

[11] *Id*. at 1102.

Motion, the Court accepts as accurate and relies upon the assertions contained within Plaintiff's evidence submitted in support of its Motion.  The Court must nevertheless view this evidence and all factual inferences drawn from the evidence in the light most favorable to Defendants as the nonmoving parties.

Origination of the Loan and Guaranty Agreements

On June 6, 1997, Defendant Kiddie's Junction, Inc. ("Kiddie's") entered into a Residential Construction Loan Agreement (the "Loan") with Bank of Loganville in which Bank of Loganville agreed to loan Kiddie's up to $480,000.00 to finance the construction costs of a residential dwelling.  In connection therewith, Kiddie's executed a Promissory Note in favor of Bank of Loganville in the original sum of $480,000.00 (the "Original Note").  The Note is secured by certain property owned by Kiddie's located in Walton County, Georgia (the "Property") pursuant to a Security Deed (the "Security Deed").

Defendants Luther Boss, David Boss, and Linda Boss (the "Guarantors") executed unconditional commercial guaranty agreements guaranteeing payment of Kiddie's indebtedness under the Original Note (the "Guaranty Agreements").  Pursuant to each Guaranty Agreement, the Guarantors "absolutely and unconditionally guarantee[d] and promise[d] to pay Bank of Loganville or its order . . . the Indebtedness of Kiddie's Junction, Inc. . . . ."[12]  On June 23, 1998, Bank of Loganville changed its name

---

[12] Guaranty Agreements [Docs. 1-2, 1-3, and 1-4].

4

to The Community Bank ("TCB").

After the origination of the Loan, Kiddie's and TCB entered into multiple extensions and renewals of the Original Note. On April 15, 2008, Kiddie's executed its final renewal of the Original Note, in the form of a Promissory Note (the "Note") in favor of TCB, in the principal amount of $494,429.06. (The Loan, Original Note, Note, Security Deed, and the extensions, modifications, and renewals thereof are collectively referred to as the "Loan Documents").

The Note obligates Kiddie's to pay TCB, or TCB's successor, the principal and interest, as well as other charges that become due and payable under the Note. The Note also requires the payment of any costs and expenses of collection of the indebtedness due under the Note, including attorneys' fees.

Assignment of the Loan to Plaintiff and Subsequent Modification

On or about November 21, 2008, the Georgia Department of Banking and Finance closed TCB and appointed the Federal Deposit Insurance Corporation (the "FDIC") as its receiver. On April 2, 2009, the FDIC assigned the Loan to Plaintiff. TCB's entire loan file, including the Loan Documents, was transferred to Plaintiff. Plaintiff is the current holder of the Note and the Guaranty Agreements.

The Note matured and came due on February 15, 2011. After the Note matured, on June 15, 2012, Plaintiff, Kiddie's, and the Guarantors, entered into a Loan Modification Agreement, modifying the repayment terms of the Note. The maturity

date of the Note was extended to February 15, 2014.

Kiddie's Default on the Loan

Pursuant to the Loan Modification Agreement, Kiddie's was obligated to pay the agreed principal amount of $467,917.95 plus accruing interest in monthly amounts based upon an amortization schedule of fifteen (15) years. Kiddie's, however, failed to make the monthly installment payments to Plaintiff as they came due. Kiddie's paid its last payment on or about August 1, 2013. Likewise, the Guarantors failed to pay all amounts due by Kiddie's to Plaintiff as required under their respective Guaranty Agreements. On or about April 19, 2013, Plaintiff made demand to Kiddie's to bring the Loan current no later than May 3, 2013. Kiddie's failed to pay all amounts required to cure the arrearage owing on the Loan.

Plaintiff filed suit against Defendants for breach of contract under the Note and the Guaranty Agreements, and now moves for summary judgment. Defendants have filed no response in opposition to the Motion.

## DISCUSSION

**Breach of Contract Claims**

Plaintiff is entitled to summary judgment on its claims for breach of the Note and the Guaranty Agreements. Under Georgia law, "[t]o constitute a valid contract, there must be parties able to contract, a consideration moving to the contract, the assent of the parties to the terms of the contract, and a subject matter upon which the contract can

operate."[13]   An action for breach of contract requires breach of a valid contract and resultant damages to the party who has the right to complain about the breach.[14]   No dispute exists as to the validity of the Note and the Guaranty Agreements.

To establish a prima facie right to judgment as a matter of law on these claims, Plaintiff may produce the Note and Guaranty Agreements and show that they were executed.[15]   Once the prima facie case has been made, Plaintiff is entitled to judgment as a matter of law unless Defendants can establish an affirmative defense.[16] If Defendants fail to establish any defense, liability is established, and Plaintiff need only prove the amount owed.[17]

Plaintiff has clearly established its entitlement to summary judgment. Plaintiff has produced the Note and the Guaranty Agreements,[18] and Defendants have admitted they were executed.[19]   Plaintiff has established it is the current holder of the Note and the Guaranty Agreements, and it is undisputed Defendants failed to meet their obligations under the Note and the Guaranty Agreements.  The defenses Defendants raise in their Answers fail to defeat summary judgment.  Plaintiff has established its prima facie case, and thus, Defendants' failure to state a claim defense clearly fails.

---

[13] O.C.G.A. § 13-3-1.
[14] *Budget Rent-A-Car of Atlanta, Inv. v. Webb*, 220 Ga. App. 278, 279 (1996).
[15] *Jay Gleason Advertising Svc. v. Gleason*, 193 Ga. App. 445 (1989); *Shropshire v. Alostar Bank of Commerce*, 314 Ga. App. 310, 315 (2012).
[16] *Kelly v. Pierce Roofing Co.*, 220 Ga. App. 391, 392-93 (1996).
[17] *First Nat'l Bank of Dalton v. Damil, Inc.*, 171 Ga. App. 237, 238 (1984).
[18] Promissory Note, [Doc. 1-5]; Guaranty Agreements [Docs. 1-2, 1-3, and 1-4].
[19] Answer [Doc. 13].

Moreover, Defendants failed to raise any specific factual allegations and evidence to support their defenses of accord and satisfaction and novation and waiver.  Thus, Plaintiff is entitled to judgment as a matter of law on its claims for breach of the Note and the Guaranty Agreements.

**Attorney's Fees Pursuant to O.C.G.A. § 13-1-11**

Plaintiff also brings a claim for attorneys' fees pursuant to O.C.G.A. § 13-1-11. Because Plaintiff has satisfied the requirements of O.C.G.A. § 13-1-11, it is entitled to attorneys' fees.  O.C.G.A. § 13-1-11 provides that "[o]bligations to pay attorney's fees upon any note . . . shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity."[20] Here, the Note includes an obligation to pay attorneys' fees. Moreover, Plaintiff has hired counsel to collect the debt, and Plaintiff's counsel sought to collect the debt after the Note matured.

The statute also requires that the holder of the note notify the debtor that the attorneys' fees provision will be enforced and that the debtor has ten (10) days from the receipt of such notice to pay the principle and interest without the attorney's fees.[21] Here, Plaintiff properly notified Defendants of its intention to collect attorneys' fees, and Defendants failed to pay the amounts owing within the ten (10) days. Thus, pursuant to the terms of the Note and Guaranty Agreements, Plaintiff is entitled to

---

[20] O.C.G.A. § 13-1-11(a).
[21] O.C.G.A. § 13-1-11(a)(3).

recover attorneys' fees amounting to fifteen percent (15%) of the principal plus accrued interest in connection with collecting the amounts owing under the Note and the Guaranty Agreements.

## CONCLUSION

In sum, Plaintiff's Motion for Summary Judgment [Doc. 19] is **GRANTED**. Plaintiff is hereby **DIRECTED** to submit a proposed judgment within seven (7) days of the date of this Order addressing the amount due on the Note and the amount of attorneys' fees due.

**SO ORDERED,** this 21st day of May, 2014.

S/ C. Ashley Royal  
C. ASHLEY ROYAL  
UNITED STATES DISTRICT JUDGE

SSH